leave his job. Rather, when his department was downsizing, he was given an attractive incentive to retire which, upon consideration of all of the circumstances, he deemed it "prudent" to accept (*see, e.g., Martin v Martin,* 194 AD2d 769; *cf., Neumark v Neumark,* 189 AD2d 863).

However, because the judgment of divorce sets forth a single biweekly figure of $450 for both spousal maintenance and child support, and the husband's child support obligation ended upon the emancipation of the couple's two children, the matter should be remitted for a calculation of the spousal maintenance currently owed to the wife, plus any arrears in such maintenance and in unpaid child support. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.

■ In the Matter of NEW YORK TELEPHONE COMPANY, Respondent, v COUNTY OF NASSAU et al., Appellants. [670 NYS2d 791] —In a proceeding pursuant to CPLR article 78, the appeal is, by permission, from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 14, 1997, which, *inter alia,* granted the petitioner's motion to transfer venue of the proceeding to Albany County.

Ordered that the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the court properly granted the petitioner's motion to transfer venue of the matter to Albany County (*see, County of Nassau v State of New York,* 249 AD2d 353 [decided herewith]). Miller, J. P., Joy, Altman and McGinity, JJ., concur.

■ In the Matter of NEW YORK WATER SERVICE CORPORATION, Respondent, v COUNTY OF NASSAU et al., Appellants. [670 NYS2d 797] —In a proceeding pursuant to CPLR article 78, the appeal is, by permission, from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 14, 1997, which, *inter alia,* granted the petitioner's motion to transfer venue of the proceeding to Albany County.

Ordered that the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the court properly granted the petitioner's motion to transfer venue of the matter to Albany County (*see, County of Nassau v State of New York,* 249 AD2d 353 [decided herewith]). Miller, J. P., Joy, Altman and McGinity, JJ., concur.

■ In the Matter of BARBARA PENCE-BRODSKY, Appellant, v HAROLD BRODSKY, Respondent. [670 NYS2d 369] —In a child